**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Yoona Park**, OSB No. 077095
Email: ypark@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION OF EUGENE

| | |
|---|---|
| CORINA VICTORIO, MARGARITA SOLIS, SHARA BURRIS, CHYRAL PEREZ, and ROBERT TIPSWORD, individually and on behalf of all others similarly situated, | Case No. 6:10-CV-6061-AA |
| Plaintiffs, | FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND OREGON WAGE AND HOUR LAWS |
| v. | JURY TRIAL DEMANDED |
| STAHLBUSH ISLAND FARMS, Inc., | |
| Defendant. | |

## FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

1.      Plaintiffs Corina Victorio, Margarita Solis (formerly "Margarita Fernandez"),

Shara Burris, Chyral Perez, and Robert Tipsword (collectively, "Lead Plaintiffs" or

"Representative Plaintiffs"), individually and on behalf of all others similarly situated, allege for

their Collective Action and Class Action Complaint against Defendant Stahlbush Island Farms,

Inc. ("Stahlbush"), upon personal knowledge as to themselves and their own acts, and as to all

{SSBLS Main Documents\8029\001\00271325-1 }

Page  1 -     FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
                   COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
                   OREGON WAGE AND HOUR LAWS

other matters upon information and belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

## INTRODUCTION

2.    This is a putative collective action and class action brought by Lead Plaintiffs on behalf of themselves and other hourly employees of Defendant Stahlbush not engaged in farming activities ("non-farm employees").  Lead Plaintiffs are workers that were employed as part of Stahlbush's food processing, manufacturing, and distribution operations—positions that are not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") or the Oregon Wage and Hour laws.

3.    Lead Plaintiffs allege on behalf of themselves and all similarly-situated Stahlbush employees that Stahlbush unlawfully classified such employees as exempt from overtime payments under federal and state laws and willfully failed to pay such employees for overtime worked.

4.    Defendant's practices are in direct violation of the FLSA, 29 U.S.C. §201, *et seq*., and the Oregon Wage and Hour laws.  Lead Plaintiffs seek compensation and credit for all uncompensated work required or permitted by Stahlbush, liquidated damages and penalty wages as permitted by applicable law, and attorney fees and costs.

## PARTIES

5.    Plaintiff Corina Victorio is a resident of Albany, Oregon.  Ms. Victorio was employed by Stahlbush from approximately September, 2007 to November, 2009.  Ms. Victorio worked as a Payroll Clerk in Stahlbush's Corvallis processing plant at all times during her

{SSBLS Main Documents\8029\001\00271325-1 }

  Page  2 -    FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
            COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
            OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

employment.  Ms. Victorio worked hours in excess of forty (40) hours per week without receiving overtime compensation as required under both Oregon and federal law.

6.      Plaintiff Margarita Solis is a resident of Corvallis, Oregon.  Ms. Solis was employed by Stahlbush from approximately March, 2007 to September, 2008.  Ms. Solis worked as a Logistics Coordinator in Stahlbush's Corvallis processing plant at all times during her employment.  Ms. Solis worked hours in excess of forty (40) hours per week without receiving overtime compensation as required under both Oregon and federal law.

7.      Plaintiff Shara Burris is a resident of Tangent, Oregon.  Ms. Burris was employed by Stahlbush from approximately August, 2009 to November, 2009.  Ms. Burris worked as a Logistics Coordinator in Stahlbush's Corvallis processing plant at all times during her employment.  Ms. Burris worked hours in excess of forty (40) hours per week without receiving overtime compensation as required under both Oregon and federal law.

8.      Plaintiff Chyral Perez is a resident of Lebanon, Oregon.  Ms. Perez was employed by Stahlbush from approximately September, 2007 to March, 2009.  Ms. Perez worked as an accounts payable clerk in Stahlbush's Corvallis office at all times during her employment.  Ms. Perez worked hours in excess of forty (40) hours per week without receiving overtime compensation as required under both Oregon and federal law.

9.      Plaintiff Robert Tipsword is a resident of Corvallis, Oregon.  Mr. Tipsword was employed by Stahlbush from approximately May, 2005 to April, 2009.  Mr. Tipsword worked as a driver on Stahlbush's farms for the first six months of his employment.  After that, he worked as a driver transporting produce to and from Stahlbush's processing plants.  Mr. Tipsword also worked inside one of Stahlbush's processing plants for one week in 2008.  Mr. Tipsword worked

{SSBLS Main Documents\8029\001\00271325-1 }

Page  3 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
            COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
            OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

hours in excess of forty (40) hours per week without receiving overtime compensation as required under both Oregon and federal law.

10.     Defendant Stahlbush Island Farms is an Oregon Corporation with its principal place of business in Corvallis, Oregon.  Stahlbush has a farm that grows and processes its own fruits and vegetables for both wholesale and retail customers.  On information and belief, Stahlbush also has a business that involves the processing of fruits and vegetables grown on other farms, and preparing such produce for wholesale and retail sale.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction of the FLSA claims asserted herein pursuant to 28 U.S.C. §1331 in that such claims arise under federal law.

12.     This Court has supplemental jurisdiction of the claims arising under the Oregon Wage and Hour laws pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper under 28 U.S.C. §1391, insofar as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Oregon.  Further, venue is proper because Stahlbush is licensed to do business in Oregon and is headquartered in Oregon.

## COLLECTIVE ACTION ALLEGATIONS

14.     The Lead Plaintiffs bring the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) (the "FLSA Collective Action"), on behalf of all persons who were or are employed by Defendant Stahlbush as non-farm hourly employees, including food processors, administrative and office workers,

{SSBLS Main Documents\8029\001\00271325-1 }

Page  4 -     FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
                  COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
                  OREGON WAGE AND HOUR LAWS

drivers, and mechanics, at any time during the period beginning three years prior to the date of the filing of this Complaint ("Collective Action Period"), who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per week.

        15.     Questions of law and fact common to the members of the FLSA Collective Action as a whole include, but are not limited, to the following:

        a.     Whether Stahlbush unlawfully failed to pay overtime compensation to Lead Plaintiffs and members of the FLSA Collective Action in violation of the FLSA, pursuant to 29 U.S.C. §201, *et seq.*;

        b.     Whether Lead Plaintiffs and members of the FLSA Collective Action are non-exempt from the entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of the FLSA;

        c.     Whether Stahlbush's policy and practice of classifying as exempt from overtime entitlement under the FLSA and failing to pay overtime to Lead Plaintiffs and members of the FLSA Collective Action violates applicable provisions of the FLSA;

        d.     Whether Stahlbush's failure to pay overtime to Lead Plaintiffs and members of the FLSA Collective Action was willful within the meaning of the FLSA.

        16.     The First Claim for Relief for violation of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiffs of the FLSA Collective Action (FLSA claims), since the claims

{SSBLS Main Documents\8029\001\00271325-1 }

Page  5 -    FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
              COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
              OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

of such Representative Plaintiffs are similar to the claims of the members of the FLSA Collective Action.

17.     Representative Plaintiffs and members of the FLSA Collective Action are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant Stahlbush's common practice, policy or plan of willfully refusing to pay overtime in violation of the FLSA and unlawfully characterizing members of the FLSA Collective Action as exempt employees.

## CLASS ACTION ALLEGATIONS

18.     Pursuant to Fed. R. Civ. P. 23(a), (b)(1)(A), and (b)(3), Lead Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword bring Claims Two through Four for violation of Oregon's Wage and Hour Law on behalf of all hourly non-farm workers employed by Stahlbush during the period beginning two years prior to the date of the filing of this Complaint ("Class Period"), whom Stahlbush refused to compensate for overtime work performed in excess of forty (40) hours per workweek (the "Oregon Class").  Lead Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword are members of the Oregon Class on whose behalf all claims alleging violations of the Oregon Wage and Hour Law are brought.

19.     The Oregon Class is so numerous that joinder of all its members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that there are in excess of 100 people who were employed by Defendant Stahlbush during the Class Period who are owed overtime compensation.

{SSBLS Main Documents\8029\001\00271325-1 }

Page  6 -     FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
              COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
              OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

20.     Common questions of law and fact exist as to all members of the Oregon Class that predominate over any questions affecting only individual members and include, but are not limited to, the following:

a.     Whether Defendant unlawfully failed to pay overtime compensation to Lead Plaintiffs and members of the Oregon Class in violation of Oregon Wage and Hour Laws, ORS §§652.011, *et seq.* and 653.010, *et seq.;*

b.     Whether Lead Plaintiffs and members of the Oregon Class are non-exempt from entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of Oregon law;

c.     Whether Stahlbush's policy and practice of classifying as exempt from overtime entitlement and failing to pay overtime to its non-farm workers violates applicable provisions of Oregon law;

d.     The proper measure of damages sustained by Lead Plaintiffs and members of the Oregon Class.

21.     Lead Plaintiffs' claims are typical of the members of the Oregon Class.  Lead Plaintiffs, like other members of the Oregon Class, were subjected to Stahlbush's policy and practice of refusing to pay overtime in violation of Oregon law.  Lead Plaintiffs' job duties and claims were and are typical of those of other Class members who worked for Stahlbush as non-farm employees.

22.     Lead Plaintiffs will fairly and adequately protect the interests of the Oregon Class. Lead Plaintiffs have retained counsel competent and experienced in complex class actions and FLSA, state labor, and employment litigation.

{SSBLS Main Documents\8029\001\00271325-1 }

Page  7 -    FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
             COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
             OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

23.     Certification of the Oregon Class is appropriate under Fed. R. Civ. P. 23(b)(1)(a)

because certification will obviate the need for unduly duplicative litigation.  Prosecuting separate

actions by individual Stahlbush employees would create a risk of inconsistent judgments about

Stahlbush's practices and establish incompatible standards of conduct for Defendant Stahlbush.

24.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Oregon Class predominate over any questions affecting

only individual members of the Oregon Class, and because a class action is superior to other

available methods for the fair and efficient adjudication of this litigation.  Stahlbush's common

and uniform policy and practices unlawfully treat members of the Oregon Class as exempt from

overtime pay requirements.

25.     The damages suffered by individual Oregon Class members are small compared

to the expense and burden of individual prosecution of this litigation.

26.     Lead Plaintiffs know of no difficulty which would be encountered in the

management of this litigation which would preclude its maintenance as a class action.

27.     The names and addresses of the members of the FLSA Collective Action and

Oregon Class are available from Defendant Stahlbush.  To the extent required by law, notice will

be provided to members of these groups via First Class Mail and/or by the use of techniques and

a form of notice required under the FLSA and/or similar to those customarily used in class

actions.

## FIRST CLAIM FOR RELIEF
**(Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, By All Plaintiffs on Behalf of
Themselves and All Members of the FLSA Collective Action,
Attorney Fees Under 29 U.S.C. §216(b))**

{SSBLS Main Documents\8029\001\00271325-1 }

Page  8 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

28.     Representative Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword, on behalf of themselves and all members of the FLSA Collective Action, reallege and incorporate the allegations of the prior paragraphs, as if fully stated herein.

29.     At all relevant times, Stahlbush has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Stahlbush has employed, and continues to employ "employee[s]," including Representative Plaintiffs and each of the members of the FLSA Collective Action.  At all relevant times, Stahlbush has had gross volume of sales in excess of $500,000, pursuant to 29 U.S.C. §203(s)(1)(A)(ii).

30.     Each of the Representative Plaintiffs identified in paragraphs 5 through 9 consents to sue in this action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b).  Additional persons will be signing consent forms and joining as plaintiffs on this claim in the future.

31.     The FLSA requires each covered employer, including Defendant Stahlbush, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in one work week.

32.     Representative Plaintiffs and all members of the FLSA Collective Action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Representative Plaintiffs and members of the FLSA Collective Action are entitled to overtime compensation for all overtime hours worked.

33.     At all times, Stahlbush had a policy and practice of failing and refusing to pay overtime to its non-farm employees for hours worked in excess of forty (40) hours per week.

{SSBLS Main Documents\8029\001\00271325-1 }

Page  9 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
            COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
            OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

34.     As a result of Stahlbush's failure to compensate such non-farm employees, including Representative Plaintiffs and all members of the FLSA Collective Action, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, Stahlbush has violated and continues to violate provisions of the FLSA, including 29 U.S.C. §§207(a)(1).

35.     Stahlbush either knew that its non-farm employees were covered by the overtime provisions of the FLSA, or showed reckless disregard for the matter of whether its non-farm employees were covered by the overtime provisions of the FLSA.

36.     The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA, 29 U.S.C. §255(a).

37.     Representative Plaintiffs, on behalf of themselves and all members of the FLSA Collective Action, seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

38.     Representative Plaintiffs, on behalf of themselves and all members of the FLSA Collective Action, seek recovery of their attorney fees and costs of this action to be paid by Stahlbush, as provided by the FLSA, 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
**(Violation of ORS §653.261 and OAR 839-020-0030 By All Plaintiffs on Behalf of Themselves and All Members of the Oregon Class, Attorney Fees Under ORS §653.055(4))**

39.     Lead Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword, on behalf of themselves and the Oregon Class, reallege and incorporate the allegations of the prior paragraphs, as if fully stated herein.

{SSBLS Main Documents\8029\001\00271325-1 }

 Page  10 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

40.     Lead Plaintiffs bring this action on behalf of the Oregon Class because Oregon law provides certain benefits and protections not accorded under federal law, including the ability to seek late payment penalties and the ability to recover withheld overtime wages despite not filing consents to join the FLSA collective action.

41.     At all relevant times, Stahlbush has been, and continues to be, an "employer" within the meaning of ORS 652.010, *et seq.,* and 653.010, *et seq.*  At all relevant times, Stahlbush has employed, and continues to employ employees, including Lead Plaintiffs and all members of the Oregon Class, within the meaning of ORS 652.010, *et seq.,* and 653.010, *et seq.*

42.     Under ORS 653.261 and OAR 839-020-0030, an employer must pay overtime compensation to all non-exempt employees for work performed in excess of forty (40) hours per week.

43.     Lead Plaintiffs and all members of the Oregon Class are not exempt from the right to receive overtime pay under the Oregon Wage and Hour Laws and are further not exempt from the requirement that their employer pay them overtime compensation under the Oregon Wage and Hour Laws.  Lead Plaintiffs and all members of the Oregon Class do not presently and have not at any time during the Class Period qualified under any exemption from the requirement that their employer pay overtime compensation under the Oregon Wage and Hour Laws.  Lead Plaintiffs and all members of the Oregon Class are entitled to overtime compensation for all hours worked.

44.     At all relevant times, Stahlbush had a policy and practice of failing and refusing to pay overtime pay to its non-farm employees for hours worked in excess of forty (40) hours per week.

{SSBLS Main Documents\8029\001\00271325-1 }

 Page  11 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
              COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
              OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

45.     As a result of Stahlbush's failure to pay wages earned and due, and its decision to withhold wages earned and due its non-exempt employees, including Lead Plaintiffs and all members of the Oregon Class, for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Stahlbush has violated and continues to violate ORS 653.261 and OAR 839-020-0030.

46.     Pursuant to ORS 653.055, Defendant Stahlbush is liable to Lead Plaintiffs and to each member of the Oregon Class for the full amount of overtime due and unpaid.  Pursuant to ORS 653.055(4), Lead Plaintiffs are entitled to the reasonable attorney fees they incur in connection with this action.

## THIRD CLAIM FOR RELIEF
**(Violation of ORS §652.140 By All Plaintiffs on Behalf of Themselves and All Members of the Oregon Class, Penalty Wages Under ORS §652.150, Attorney Fees Under ORS §652.200(2))**

47.     Lead Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword, on behalf of themselves and the Oregon Class, reallege and incorporate the allegations of the prior paragraphs, as if fully stated herein.

48.     ORS 652.140(1) provides that, when an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination.

49.     As alleged herein, Stahlbush failed to pay overtime wages earned and due pursuant to ORS 653.261 and OAR 839-020-0030 when it terminated the employment of Lead Plaintiffs and other former Stahlbush employees who are members of the Oregon Class.

{SSBLS Main Documents\8029\001\00271325-1 }

Page  12 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
             COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
             OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

50.     As a result of Stahlbush's failure to pay overtime wages earned and due its former employees who are members of the Oregon Class and who have since been separated from their respective employment with Stahlbush (including Lead Plaintiffs Victorio, Solis, Burris, Perez and Tipsword), Stahlbush has violated ORS 652.140.

51.     Stahlbush's violations of ORS 652.140 were willful.

52.     ORS 652.150 provides that, as penalty for willful violations of ORS 652.140, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefore is commenced, provided that the penalty wages cannot continue for more than 30 days from the due date.

53.     None of the Lead Plaintiffs or other Stahlbush ex-employees who are members of the Oregon Class has received the unpaid overtime that they are due within thirty (30) days of the day they were terminated.

54.     As a direct result of Stahlbush's willful violations of ORS 652.140, Lead Plaintiffs and other Stahlbush ex-employees who are members of the Oregon Class are entitled to penalty wages under ORS 652.150.

55.     ORS 652.200(2) provides that, in any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages become due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecution of the action.

{SSBLS Main Documents\8029\001\00271325-1 }

 Page  13 -   FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
                  COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
                  OREGON WAGE AND HOUR LAWS
                         STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
                                      209 S.W. OAK STREET
                                  PORTLAND, OREGON 97204
                         TEL. (503) 227-1600   FAX (503) 227-6840

56.     As alleged herein, Stahlbush has failed to timely pay overtime wages that were due and payable upon termination of Lead Plaintiffs and other Stahlbush ex-employees who are members of the Oregon Class.  Attorneys for Lead Plaintiffs gave written notice of Lead Plaintiffs' wage claims by letter dated February 25, 2010.  Accordingly, pursuant to ORS 652.200(2), Lead Plaintiffs are entitled to the reasonable attorney fees they incur in connection with this action.

### PRAYER FOR RELIEF

57.     WHEREFORE, Lead Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and Oregon Class, pray for relief and judgment against Defendant Stahlbush Island Farms as follows:

a.     Designation of this action as a collective action on behalf of the members of the FLSA Collective Action (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

b.     Certification of this action as a class action on behalf of the proposed Oregon Class (asserting Oregon Wage and Hour Law claims);

c.     Designation of Lead Plaintiffs Victorio, Solis, Burris, Perez, and Tipsword as representatives of the FLSA Collective Action and of the Oregon Class;

d.     An award of damages, including liquidated and compensatory damages and penalty wages to be paid by Stahlbush;

{SSBLS Main Documents\8029\001\00271325-1 }

 Page  14 -  FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
          COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
          OREGON WAGE AND HOUR LAWS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

e.      Costs of the action incurred herein, including reasonable attorney fees,

expert fees, and costs;

f.      Pre-judgment and post-judgment interest, as provided by law; and

g.      Such other and further legal and equitable relief as this Court deems just

and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Lead Plaintiffs, on behalf of themselves and all members of the proposed FLSA

Collective Action and Oregon Class, hereby demand a trial by jury of all issues so triable as a

matter of right.

**DATED**:  February 24th, 2010.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By:    /s/ Yoona Park
      **Steve D. Larson,** OSB No. 863540
      Email:    slarson@stollberne.com
      **Yoona Park**, OSB No. 077095
      Email:    ypark@stollberne.com

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

**Attorneys for Plaintiffs**

{SSBLS Main Documents\8029\001\00271325-1 }

Page  15 -    FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION
               COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND
               OREGON WAGE AND HOUR LAWS