**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Yoona Park,** OSB No. 077095
Email: ypark@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION OF EUGENE

| | |
|---|---|
| CORINA VICTORIO, MARGARITA SOLIS, SHARA BURRIS, CHYRAL PEREZ, and ROBERT TIPSWORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STAHLBUSH ISLAND FARMS, Inc.,<br><br>Defendant. | Case No.  6:10-CV-6061-AA<br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement is entered into in the above-captioned action (the "Action")

this _9th_ day of ~~April~~ May, 2011, by and between Plaintiffs Shara Burris, Chyral Perez, Margarita

Solis, Robert Tipsword, and Corina Victorio ("Class Representatives"), individually and on

behalf of all members of the putative Settlement Class (defined below), represented by their

counsel of record, Stoll Stoll Berne Lokting & Shlachter, P.C. ("Plaintiffs' Counsel"), and

Defendant Stahlbush Island Farms, Inc. ("Stahlbush"), represented by its counsel, Arnold

Gallagher Percell Roberts & Potter, and Davis Wright Tremaine (collectively, "Defendant's

Counsel"), subject to the approval of the court as provided below.

289545-2
Page 1 –STIPULATION OF SETTLEMENT
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

## RECITALS

A.      On March 10, 2010, Class Representatives commenced this Action in the United States District Court for the District of Oregon, Eugene Division (the "Court"), by filing a complaint (the "Complaint") against Stahlbush. The Class Action and Collective Action Complaint alleged that Stahlbush violated the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and Oregon Wage and Hour Laws, ORS 652.011, *et seq*, by misclassifying its employees as exempt from overtime. The Complaint also alleged that Stahlbush acted willfully in committing the alleged violations. In the Complaint, the Class Representatives asserted their claims individually and on behalf of a putative class of similarly situated individuals who had worked at Stahlbush from March 10, 2007 to March 10, 2010. The Complaint asked for compensatory damages, liquidated damages, penalties, interest, and attorney fees and costs.

B.      On April 6, 2010, Stahlbush filed its response to Plaintiffs' Class Action and Collective Action Complaint, denying any liability, and including a counterclaim for conversion against Class Representative Corina Victorio.

C.      The parties voluntarily engaged in settlement discussions on October 8, 2010, by mediating with Judge Coffin at the District Courthouse in Eugene, which mediation was continued by telephone with Judge Coffin on October 14, 2010. The mediation was unsuccessful and the parties did not settle.

D.      On August 3, 2010, Stahlbush submitted to the Court its Motion for Partial Summary Judgment, arguing that the Court should decline supplemental jurisdiction of Plaintiffs' state law claims.

E.      On August 30, 2010, Plaintiffs submitted to the Court their 1) Motion for Class Certification; and 2) Motion for Conditional Certification.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

F.     On March 2, 2011, the Court heard argument on Defendant's Motion for Partial Summary Judgment and Plaintiffs' Motions for Class Certification and Conditional Certification. At the end of the hearing, Judge Aiken issued no rulings but urged the parties to again attempt to resolve the case by mediating with Judge Coffin. Following the hearing, the parties participated in an arms-length mediation with Judge Coffin and entered into this settlement agreement.

G.     The parties have decided to enter into this Stipulation of Settlement, believing the terms to be eminently fair, reasonable, and adequate and in the best interests of Class Representatives, the members of the Settlement Class (as defined below), and Stahlbush. Stahlbush and Plaintiffs' Counsel have determined to execute this Stipulation of Settlement and to urge the Court to approve its terms after considering (1) the substantial benefits that the members of the Settlement Class will receive pursuant to the Stipulation of Settlement; (2) the fact that the Stipulation of Settlement provides for members of the Settlement Class to receive relief in the most expeditious and efficient manner practicable, and thus much sooner than would be possible were the claims in the Action to be litigated successfully through trial and appeal; and (3) the fact that the Stipulation of Settlement allows persons to exclude themselves from the Settlement Class should they so desire and thereby not be precluded from individually seeking to pursue the claims alleged in the Action or any other claims relating to the conduct of Stahlbush at issue in the Action.

H.     Without admitting any wrongdoing or liability, Stahlbush is nevertheless willing to agree to the terms of this Stipulation of Settlement provided that all of the Settled Claims (as defined below) are settled and compromised, in order to resolve fully and finally all issues relating to the subject matter of this Action.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, and subject to the approval of the Court as provided below pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that the claims in the Action will be settled, compromised, and resolved on the terms set forth below:

## TERMS OF SETTLEMENT

### I.   CLASS CERTIFICATION

A.     Settlement Class. Class Representatives will seek certification of a class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) in this Action for purposes of Settlement only (the "Settlement Class"). The Settlement Class will be defined as follows: All current and former hourly employees of Stahlbush Island Farms, Inc. who, according to Stahlbush's internal recordkeeping, worked on a project, task, or activity between March 10, 2008 and March 10, 2010 ("Class Period") that under the overtime pay rules implemented by Stahlbush on January 1, 2010 is eligible for overtime pay. Excluded from the Class are any current or former employees that have signed releases with Stahlbush.

B.     Motion to Certify the Settlement Class. Concurrently with the filing of a motion for preliminary approval of this Stipulation of Settlement with the Court, Class Representatives will file a motion to certify the Settlement Class, as described and defined above, for settlement purposes only. Class Representatives and Plaintiffs' counsel will provide Stahlbush with a draft of the motion prior to filing, and Stahlbush will not oppose the motion so long as it is reasonable and consistent with the provisions of this Stipulation of Settlement.

C.     Limitation on Effect of Certification: The certification of any class pursuant to the provisions of this Stipulation of Settlement will not constitute in this or any other proceeding an admission of any kind or a determination by Stahlbush that certification of a class for trial

289545-2

Page 4 –STIPULATION OF SETTLEMENT

purposes is appropriate or proper. In the event that the terms of this Stipulation of Settlement are not finally approved by the Court, or the Stipulation of Settlement is otherwise terminated or rendered null and void, certification of the Settlement Class will be automatically vacated and will not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action are satisfied; in such circumstances Stahlbush expressly reserves all rights to challenge certification of a class for trial purposes in this or any other action on all available grounds as if no Settlement Class had been certified in this action, and no reference to the prior certification of a Settlement Class, or any documents related thereto, will be made for any purpose.

II.     BENEFITS TO SETTLEMENT CLASS MEMBERS' PLAINTIFFS' COUNSEL, AND THE CLASS REPRESENTATIVES

A.     Benefits to Settlement Class Members. Payments to Members of the Settlement Class: Stahlbush will make payment to each Settlement Class Member according to the terms set forth in this Stipulation of Settlement. The payments to the members of the Settlement Class will be made on a claims-made basis, and will be calculated based upon the formula outlined in Paragraph II (C).

B.     Payment of Attorney Fees, Costs, and Expenses.

1.     At or before the time of the Fairness Hearing (a term defined below), Plaintiffs' Counsel will apply to the Court for (1) approval of an award of attorney fees in this Action and (2) approval of reimbursement of costs and expenses in an amount to be approved by the Court. Stahlbush has the right to file an objection to any application for an award. Any award of attorney fees, costs, and expenses in this Action will be paid out in the manner set forth in Paragraph VIII (D).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

2.      The parties' agreement to enter into this Stipulation of Settlement is not contingent upon the Court's approval of the application for fees, costs, and expenses to be filed by Plaintiffs' Counsel pursuant to Paragraph II(B)(1). The parties agree that the award of attorney fees, costs, and expenses to Plaintiffs' Counsel is severable from the other terms of this Stipulation of Settlement, and that any decision by the Court with regard to such application will not have any effect on the other terms of this Stipulation of Settlement.

C.      Settlement Payment Formula. For each member of the Settlement Class who submits a valid claim form, the Settlement Payment will be determined separately for each member of the Settlement Class as follows (the "Settlement Payment Formula"):

1.      Stahlbush will calculate the amount of overtime compensation due applying the overtime pay rules implemented by Stahlbush on January 1, 2010 ("Base Overtime Amount");

2.      To the Base Overtime Amount, Stahlbush will calculate and add the following:

a.      An additional 1.5 times the Base Overtime Amount as Liquidated Damages ("Liquidated Damages");

b.      15 days' penalty wages, based upon the hourly wage of each Settlement Class Member at the time such Settlement Class Member left his or her employment with Stahlbush, except that Class Representatives Corina Victorio and Margarita Solis are to be paid 30 days' penalty wages, based upon their hourly wage at the time they left their employment with Stahlbush ("Penalty Wages");

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

c.    Interest in the amount of 9% per annum on all amounts owed under Paragraphs II(C)(1) from the date the overtime was owed ("Accrued Interest").

d.    Interest in the amount of 9% per annum on all amounts owed under II(C)(2)(b) above from February 25, 2010.

3.    Stahlbush will only withhold monies required by federal and state law from the Base Overtime Amount only.

4.    The Settlement Payment for each Settlement Class Member, as determined according to the formula set out above in Paragraphs II(C)(1) and II(C)(2)(a)-(d) and II(C)(3) will be the "Net Total Settlement Amount" for each Settlement Class Member.

III.    DISMISSAL AND RELEASE OF CLAIMS AGAINST STAHLBUSH

In exchange for the consideration set forth in this Stipulation of Settlement, the Class Representatives and all members of the Settlement Class agree to dismiss the Action and to release all claims as set forth herein.

A.    Dismissal.  Upon final approval of this Stipulation of Settlement, the Action will be dismissed in its entirety with prejudice.

B.    Release of Claims.  Upon final approval of this Stipulation of Settlement, Class Representatives, on their own behalf and as representatives for and on behalf of each and every member of the Settlement Class, and all persons purporting to act on their behalf or purporting to assert a claim through or under them (whether individual, class, representative, legal, equitable, direct indirect, or of any other type or in any other capacity), including, but not limited to, their spouses, partners, dependents, heirs, assigns, beneficiaries, devisees, legatees, executors administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest (collectively, the "Releasing Persons") hereby forever fully, completely, and irrevocably

289545-2

Page 7 –STIPULATION OF SETTLEMENT

release and discharge Stahlbush and all of its predecessors, successors, subsidiaries, affiliates, parents, representatives, officers, directors, employees, independent contractors, attorneys, experts, principals, agents, any other person or entity who acted on its behalf, and any other person or entity on behalf of whom it acted (collectively, the "Released Parties"), from any and all claims, rights, and causes of action for damages, punitive or statutory damages, penalties, losses, and relief of any kind or nature whatsoever, whether arising under federal, state, territorial, or local statutes, acts, ordinances, or regulations, or federal, state, territorial, or local common law, asserted or unasserted, known or unknown, suspected or unsuspected, contingent or noncontingent, that any of the Releasing Persons has, may have had, or may have in the future against any of the Released Parties in connection with or that arise out of or relate in any manner whatsoever in whole or in part, to: (1) the Action; or (2) the allegations contained in the Complaint and Answer in the Action (collectively, the "Settled Claims").

Neither the release of the Settled Claims, the dismissal of this Action nor any other provision of this Stipulation or any related document will be construed to release or affect any claims unrelated to the allegations contained in the Complaint or Answer in the Action that the Class Representative or any member of the Settlement Class may have against Stahlbush and vice versa.

C. No Other Liability. The Settlement will be in full compromise, settlement, release, and discharge of the Settled Claims, and the Released Parties will have no further or other liability or obligation to each other with respect to the Settled Claims, except as expressly provided herein.

D. Release Encompasses Unknown Claims. The release set forth in Paragraph III(B) of this Stipulation of Settlement extends to claims that the Releasing Persons do not know or

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

suspect to exist at the time of the release, which, if known, might have affected their decision to enter into such release. The Releasing Persons will be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Persons understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

E.      Covenant Not to Sue. The Releasing Parties covenant and agree not to assert a Settled Claim, or to commence, join in, or voluntarily assist, in a lawsuit or adversary proceeding against the Released Parties, or any of them, arising out of, regarding, or relating in any way to the Settled Claims set forth above.

F.      Failure of Consideration. In the event that the Settlement Administrator or Stahlbush fails to make the payments to members of the Settlement Class provided for in this Stipulation of Settlement, Class Representatives will be entitled to obtain an order from the Court compelling the Settlement Administrator and/or Stahlbush to comply with the terms of this Stipulation of Settlement, or, if the failure is material, rescinding this Stipulation of Settlement and vacating all court orders approving the terms of this Stipulation of Settlement, subject to Stahlbush's right to present any appropriate objections thereto.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

IV.   DISMISSAL AND RELEASE OF COUNTERCLAIM AGAINST CORINA VICTORIO

A.   Release of Claim Against Class Representative Corina Victorio.  Upon final approval of this Stipulation of Settlement, Stahlbush, on its own behalf and on behalf of all persons purporting to act on its behalf or purporting to assert a claim through or under them (whether legal, equitable, direct, indirect, or of any other type or in any other capacity), including, but not limited to, its predecessors, successors, subsidiaries, affiliates, parents, representatives, officers, directors, employees, independent contractors, attorneys, experts, principals, agents, any other person or entity who acted on its behalf, and any other person or entity on behalf of whom it acted (collectively, the "Victorio Releasing Persons") hereby forever fully, completely, and irrevocably releases and discharges Class Representative Corina Victorio, and any of her spouses, partners, dependents, heirs, assigns, beneficiaries, devisees, legatees, executors administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest (collectively, the "Victorio Released Parties"), from any and all claims, rights, and causes of action for damages, punitive or statutory damages, penalties, losses, and relief of any kind or nature whatsoever, whether arising under federal, state, territorial, or local statutes, acts, ordinances, or regulations, or federal, state, territorial, or local common law, asserted or unasserted, known or unknown, suspected or unsuspected, contingent or noncontingent, that any of the Victorio Releasing Persons has, may have had, or may have in the future against any of the Victorio Released Parties in connection with or that arise out of or relate in any manner whatsoever in whole or in part, to: (1) the Action; or (2) the allegations contained Defendant's Answer, Affirmative Defenses, and Counterclaim in the Action (collectively, the "Victorio Settled Claims").

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

B.     No Other Liability.  The Settlement will be in full compromise, settlement, release, and discharge of the Victorio Settled Claims, and the Victorio Released Parties will have no further or other liability or obligation to each other with respect to the Victorio Settled Claims, except as expressly provided herein.

C.     Release Encompasses Unknown Claims.  The release set forth in Paragraph IV(A) of this Stipulation of Settlement extends to claims that the Victorio Releasing Persons do not know or suspect to exist at the time of the release, which, if known, might have affected their decision to enter into such release.  The Victorio Releasing Persons will be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims.  The Victorio Releasing Persons understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

D.     Covenant Not to Sue.  The Victorio Releasing Parties agree not to ever assert a Victorio Settled Claim, or to commence, join in, or voluntarily assist, in a lawsuit or adversary proceeding against the Victorio Released Parties, or any of them, arising out of, regarding, or relating in any way to the Victorio Settled Claims set forth above.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

V.    APPLICATION FOR PRELIMINARY APPROVAL ORDER

As soon as practicable after execution of this Stipulation of Settlement, the Class

Representatives and Stahlbush will jointly move the Court for an Order of preliminary approval

of the Stipulation of Settlement pursuant to Federal Rule of Civil Procedure 23(e) (the

"Preliminary Approval Order").

A.    As part of the motion, Class Representatives and Stahlbush will jointly apply for

an Order:

1.    preliminarily approving the Stipulation of Settlement;

2.    establishing the procedures by which members of the Settlement Class can

assert objections to the certification of the Settlement Class and to the terms of the Stipulation of

Settlement;

3.    establishing procedures by which members of the Settlement Class can

exclude themselves from the Settlement Class and from the Action; and

4.    setting a date and time for the Fairness Hearing.

B.    At or about the same time as the joint motion described in Paragraph V(A) is

filed, Class Representatives will apply for an Order:

1.    preliminarily certifying the Settlement Class as provided in this

Stipulation of Settlement;

2.    appointing Plaintiffs' Counsel as counsel for the Settlement Class; and

3.    appointing Class Representatives as the representatives of the Settlement

Class.

C.    As soon as practicable after entry of the Preliminary Approval Order, and in no

event later than thirty (30) days after entry of the Preliminary Approval Order, Class

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

Representatives and Stahlbush will jointly move the Court for an Order (the "Notice Order") approving a form of notice of the pendency of this Action and the proposed settlement to be mailed to members of the Settlement Class, including a claim form (the "Class Action Settlement Notice"), as satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and being the best notice practicable under the circumstances. Plaintiffs' Counsel and Stahlbush's counsel will consult with their own experts and consultants and will work together in good faith to reach agreement on the format and content of the Class Action Settlement Notice, which will be in English and Spanish. The Notice will also include the net total settlement amount owed to the class member. Any dispute between the parties regarding the format or content of the Class Action Settlement Notice will be submitted to the Court.

VI.     NOTICE TO CLASS MEMBERS

A.     Identification of Members of the Settlement Class. Stahlbush will complete a review of its payroll and employee records to identify the members of the Settlement Class.

1.     Within thirty (30) days of the entry of the Preliminary Approval Order, Stahlbush will provide Plaintiffs' Counsel with a list of the names, last known addresses, last known telephone numbers, social security numbers, and last known email addresses (if applicable) of the members of the Settlement Class, to the extent that Stahlbush possesses such information. For each member of the Settlement Class, Stahlbush will provide Plaintiffs' Counsel with the Net Total Settlement Amount due each member, pursuant to Paragraph II(C)(1)-(4).

B.     Notice to Class Members.

1.     Mail Notice. By no later than sixty (60) days after entry of the Preliminary Approval Order, Plaintiffs' Counsel will mail, by first class mail, a Class Action

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Settlement Notice, in the form ordered by the Court in the Notice Order, to the persons on the list of members of the Settlement Class provided by Stahlbush. Stahlbush will reimburse Plaintiffs' counsel for the cost of mailing the notice.

    2.    Settlement Website. Plaintiffs' counsel may establish a website explaining the settlement process. Stahlbush has not agreed to pay for the costs of establishing and maintaining the website.

    3.    Toll-Free Telephone Number. Plaintiffs' counsel may establish a toll-free number (the "Toll-Free Telephone Number"). Stahlbush has not agreed to pay for the costs of establishing and maintaining the Toll Free Telephone Number.

    C.    Right to Request Exclusion.

    1.    All Settlement Class members may elect to exclude themselves from ("opt out of") the Settlement Class and the Action by submitting a written request for exclusion ("Request For Exclusion") pursuant to procedures to be established by the Court. All persons who validly request exclusion will be excluded from the Settlement Class and the Action regardless of whether the terms of this Stipulation of Settlement are finally approved. No person who validly requests exclusion will have standing to submit any objection to the terms of this Stipulation of Settlement. All members of the Settlement Class who do not validly request exclusion will be bound by the resolution of any and all issues arising in connection with the claims in the Action.

    2.    Plaintiffs' counsel and Stahlbush will jointly propose that the Court establish the following procedures for Requests For Exclusion:

    a.    All Requests For Exclusion must be sent to Plaintiffs' Counsel at the address set forth in the Class Action Settlement Notice.

289545-2

Page 14 –STIPULATION OF SETTLEMENT

b.      All Requests For Exclusion must be filed or postmarked no later than the date that is twenty-eight (28) days before the Fairness Hearing.

c.      Persons submitting Requests For Exclusion must state their full name and current address.

d.      Requests For Exclusion must also contain a statement substantially to the effect of: "I/we hereby request that I/we be excluded from the proposed class in the *Victorio et al. v. Stahlbush Island Farms, Inc.* litigation."

e.      Requests For Exclusion must be signed by the person or persons seeking to be excluded from the Settlement Class and the Action.

D.      Objections to the Settlement.

1.      Any member of the Settlement Class who does not submit a valid Request For Exclusion may object to certification of the proposed Settlement Class or to the terms of the Stipulation of Settlement by submitting a written objection ("Objection") pursuant to procedures to be established by the Court.

2.      Class Representatives and Stahlbush will jointly propose that the Court establish the following procedures for Objections:

a.      All Objections must be filed with the Clerk of the Court at the address set forth in the Class Action Settlement Notice with copies sent to Plaintiffs' Counsel and Stahlbush's counsel at the addresses set forth in the Class Action Settlement Notice.

b.      All Objections must be filed or postmarked no later than the date that is twenty-eight (28) days before the Fairness Hearing.

c.      Persons submitting Objections must state their full name and current address.

289545-2

Page 15 – STIPULATION OF SETTLEMENT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL (503) 227-1600  FAX (503) 227-6840

d.      Persons submitting Objections must state in writing all of their

objections and the reasons therefor, and include any and all supporting papers (including,

without limitation, all briefs, written evidence, and declarations).

e.      Persons submitting Objections who wish to appear at the Fairness

Hearing and present their objections to the Court orally must include a written statement of intent

to appear at the Fairness Hearing. Only persons who specify in their Objections that they intend

to appear at the Fairness Hearing will have the right to present their objections orally at the

Fairness Hearing. Persons who do not submit timely written Objections will not be permitted to

present their objections at the Fairness Hearing.

VII.    FAIRNESS HEARING AND FINAL APPROVAL

A.      Fairness Hearing. The Court will hold a hearing to consider (1) the merits of any

Objections submitted by members of the Settlement Class and (2) whether the terms of the

Stipulation of Settlement should be finally approved by the Court as a fair, reasonable, and

adequate settlement (the "Fairness Hearing"). If the Court grants final approval to the terms of

the Stipulation of Settlement, the Court will also consider (3) whether the application by

Plaintiffs' Counsel for an award of reasonable attorney fees and reimbursement of their

reasonable costs and expenses should be granted. The parties will request that the Court hold

this hearing approximately ninety (90) days following the mailing of the Class Action Settlement

Notice, or on such other date as the Court may set.

B.      Best Efforts. At the Fairness Hearing, Plaintiffs' Counsel and Stahlbush will use

their best efforts to urge the Court to confirm the certification of the Settlement Class, to grant

approval to the terms of this Stipulation of Settlement (including any modification made thereto,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

with the consent of the parties), and to enter an Order and Final Judgment (the "Judgment") as follows:

      1.     confirming certification of the Settlement Class for settlement purposes and finding that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met for purposes of the Settlement Class;

      2.     finding that the dissemination of the Class Action Settlement Notice, in the farm and manner ordered by the Court in the Notice Order has been accomplished as directed, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto;

      3.     finding that Class Representatives and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class and consummation of the terms of the Stipulation of Settlement;

      4.     approving the Settlement as fair, reasonable, and adequate and directing consummation of the terms of the Stipulation of Settlement;

      5.     dismissing the Action in its entirety with prejudice;

      6.     releasing and discharging the Released Parties and Victorio Released Parties from any and all liability with respect to the Settled Claims and Victorio Settled Claims;

      7.     providing that in order to protect the continuing jurisdiction of the Court and to protect and effectuate the Court's judgment in this Action, Class Representatives and all members of the Settlement Class, and anyone acting on their behalf (including, but not limited to, attorneys, representatives. and agents of Class Members or any member of the Settlement Class), are permanently and forever barred and enjoined from instituting, commencing, or

289545-2

Page 17 –STIPULATION OF SETTLEMENT

continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity of any kind whatsoever, any action in this Court, any other federal court, any state court, or any other tribunal or forum of any kind, against Stahlbush or any of the Released Parties that asserts any claims that are Settled Claims and Victorio Settled Claims under the terms of this Stipulation of Settlement (except as necessary to enforce the terms of this Stipulation of Settlement); and providing that any person or entity who knowingly violates such injunction will pay the costs and attorney fees incurred by any person or entity as a result of the violation;

8.      ruling on the petition of Plaintiffs' Counsel for an award of reasonable attorney fees and reimbursement of reasonable costs and expenses;

9.      reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Stipulation of Settlement, over the enforcement, construction and interpretation of this Stipulation of Settlement, over the enforcement, construction, and interpretation o the Judgment, including, but not limited to, the provisions therein enjoining any further litigation of Settled Claims or Victorio Settled Claims, and over Class Representatives and all members of the Settlement Class (and their attorneys and law firms) in connection therewith.

C.      Conditions of Settlement. The terms of this Stipulation of Settlement are subject to and conditioned upon: (1) the approval of the Settlement by the Court after Court-approved notice to the members of the Settlement Class and a Fairness Hearing; (2) entry of the Judgment; (3) the dismissal with prejudice of this Action and any other action asserting Settled Claims or Victorio Settled Claims; and (4) Final Approval, as that term is defined in this Stipulation of Settlement.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

D.     Finality.

1.     "Final Approval" will occur when all of the conditions set forth in Paragraph VII(C) have been satisfied and (a) the periods of time to appeal the Judgment, the dismissal of the Action, and the dismissal of any other action asserting Settled Claims or Victorio Settled Claims have all expired without any appeal having been filed, or any such appeals have been dismissed or (b) if any appeal is taken and not dismissed, the appropriate appellate court has entered a final judgment affirming the Judgment or dismissal and the final judgment of the appellate court is no longer subject to any further appellate challenge or procedure or has been affirmed by the United States Supreme Court.

2.     If Final Approval is obtained, all members of the Settlement Class will be bound by all relief provisions of the Stipulation of Settlement and orders issued pursuant thereto, and the Stipulation of Settlement will operate as a full, complete, and final release of all the Settled Claims of all members of the Settlement Class (and of the Victorio Settled Claims) and as an effective covenant not to sue.

VIII.   CLAIMS PROCESS AND PAYMENT

A.     Submission of Claim Forms.

1.     Claim Forms must be received by Plaintiffs' Counsel no later than ninety (90) days following Final Approval (the "Claim Form Deadline"). Claim Forms must verify the name and address of the member of the Settlement Class.

2.     Only those Claim Forms that are received on or before the Claim Form Deadline will be treated as valid, except that Claim Forms submitted in envelopes that do not contain a postmark (or that contain a postmark that is not legible) will be treated as valid if they are actually received by Plaintiffs' Counsel within seven (7) days of the Claim Form Deadline.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

3.     Members of the Settlement Class who do not submit valid Claim Forms will not be entitled to receive any monetary compensation pursuant to the terms of this Stipulation of Settlement, but they will nonetheless be bound by its terms (including the Release set forth in Paragraph III(B)) as well as by the orders and judgments of the Court relating thereto.

B.     Dispute Resolution.  Upon the request of Stahlbush, Plaintiffs' Counsel will promptly provide Stahlbush with copies of all Claim Forms that have been submitted.  By no later than fifteen (15) days after the Claim Form Deadline, Stahlbush may object in good faith to any Claim Form that has been submitted (the Claim Forms that Stahlbush objects to are referred to herein as the "Disputed Claim Forms"; the Claim Forms that Stahlbush does not object to are referred to herein as the "Undisputed Claim Forms").  The following dispute resolution procedure will be used with regard to the Disputed Claim Forms:

1.     A panel consisting of one representative of Stahlbush and one representative of Plaintiffs' Counsel will examine the Disputed Claim Form and any other relevant material and attempt in good faith to resolve the dispute.  The representative of Plaintiffs' Counsel or the representative of Stahlbush may request that the person submitting the Disputed Claim Form provide additional documents and/or provide a written statement, under oath, supporting the person's claim.

2.     If both members of the panel agree that the person submitting the Disputed Claim is entitled to receive monetary compensation, then the person will receive payment pursuant to the Settlement Payment Formula.

3.     If both members of the panel agree that the person submitting the Disputed Claim Form is not entitled to receive monetary compensation, then the person will not receive any payment pursuant to this Stipulation of Settlement.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

4.    If the members of the panel disagree, the dispute will be determined by the court.

C.    Payment.

1.    Undisputed Claim Forms.  Within thirty (30) days of the Claim Form Deadline, Stahlbush will provide Plaintiffs' Counsel with a check for each member of the Settlement Class who has submitted a valid and Undisputed Claim Form on or before the Claim Form Deadline in the amount of the Net Total Settlement Amount owed each such member ("Class Member Payment").

2.    Disputed Claim Forms.  Stahlbush will provide Plaintiffs' Counsel with a check for each person who has submitted a Disputed Claim Form that is determined to be valid pursuant to the provisions of Paragraph VIII(B) a check in the amount of the Class Member Payment by no later than thirty (30) days after the resolution of that Disputed Claim Form.

3.    After Stahlbush provides Plaintiffs' Counsel with a check for a class member, and that check has been cashed, Stahlbush will have no further obligation with respect to that class member's claim.

D.    Attorney Fees. Costs, Expenses, and Incentive Awards to the Class Representatives.

1.    Within ten (10) days of the Claim Form Deadline, Stahlbush will pay (a) any award of an Incentive Award to the Class Representatives, as ordered by the Court, and (b) the award of attorney fees, costs, and expenses to Plaintiffs' Counsel, as ordered by the Court.

2.    The award of attorney fees, costs, and expenses will be made by check(s) payable to the law firm Stoll Stoll Berne Lokting & Shlachter P.C.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

IX.   ADDITIONAL TERMS

A.   Termination. In the event that (1) the Court declines to enter the Judgment or any part thereof as provided for herein, or the parties hereto fail to consent to the entry of alternative forms of an order and final judgment, in lieu thereof, or after such consent the Court declines to enter such alternate form of order and final judgment; or (2) any conditions to the Stipulation of Settlement are not satisfied or the Stipulation of Settlement becomes subject to termination pursuant to Paragraph IX(A); or (3) the Court disapproves some or all of the terms of this Stipulation of Settlement, including any amendments thereto, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (4) the Court approves the terms of this Stipulation of Settlement, including any amendments hereto, but any such judgment and approval is finally reversed on appeal; or (5) for any other reason Final Approval is not obtained or the Stipulation of Settlement does not become effective, then, in any such event, this Stipulation of Settlement will become null and void and of no further force and effect (with the exception of Paragraph IX(B)), and the Preliminary Approval Order to be entered pursuant to Paragraph V(A) and the Judgment to be entered pursuant to Paragraph VII(B)(1) will be vacated upon appropriate application to the Court. In such event, (1) any actions taken or to be taken in connection with this Stipulation Settlement will become void and of no effect, (2) this Stipulation of Settlement and any hearings or proceedings thereunder will not be referred to or used as evidence for or against any party or Settlement Class member in this or any other action or proceeding, (3) all pretrial proceedings, including discovery, will resume sixty (60) days thereafter as if this Stipulation of Settlement had not been presented for approval of the Court; and (4) all negotiations, proceedings, and statements relating to this Stipulation of Settlement will be without prejudice as to the rights of any and all parties hereto and their

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

respective predecessors and successors, and all parties and their respective predecessors and successors will be restored to their respective positions existing at the commencement of the Action.

B.      No Admissions.  This Stipulation of Settlement and all negotiations, papers, statements, and proceedings in connection therewith, whether or not the terms of this Stipulation of Settlement are finally approved and/or consummated, are not and will not in any event be construed as, or deemed to be evidence of, an admission or concession on the part of Stahlbush of any liability or wrongdoing, or an admission or concession on the part of Class Representatives that Stahlbush is not liable or has not committed any wrongdoing, and will not be offered or received in evidence in any action or proceeding, or used in any way as an admission, concession or evidence of any liability (or lack thereof) or wrongdoing (or lack thereof) of any nature on the part of Stahlbush, and will not be construed as, or deemed to be evidence of, an admission or concession that Class Representatives or any member of the Settlement Class have suffered any damage or have not suffered any damage.  This agreement will not be offered or be admissible in evidence against Stahlbush or the Class Representatives or cited or referred to in any action or proceeding, except in any action or proceeding brought by or against Class Representatives, Settlement Class, members of the Settlement Class, or Stahlbush to enforce its terms or in defense of any claims.  The provisions of this paragraph will become effective when this Stipulation of Settlement is signed and will be binding on the parties and their counsel regardless of whether this Stipulation of Settlement is finally approved or terminated for any reason, or rendered null and void.

C.      Extensions of Time.  Unless the Court requires otherwise, in the event of unanticipated delays or difficulties, the parties hereto may agree in writing, without further Order

289545-2

Page 23 –STIPULATION OF SETTLEMENT

of the Court, to brief extensions of time to carry out any of the provisions of the Stipulation of Settlement.

D.      Continued Cooperation.   Plaintiffs' Counsel, Stahlbush, and Defendant's Counsel agree to cooperate fully with one another in seeking the Court's approval of the terms of this Stipulation of Settlement and to use their best efforts to consummate the Stipulation of Settlement. Each will exert every reasonable effort, and will act reasonably and in good faith, to agree upon and execute, at the earliest practicable time, such other documentation as may be required to: (1) implement the matters enumerated in this Stipulation of Settlement; (2) obtain preliminary and final approval by the Court of the terms and conditions of set forth in this Stipulation of Settlement; (3) secure a final judgment as to the claims asserted in the Action against Stahlbush without costs for any party; and (4) obtain Final Approval. The parties to this Stipulation of Settlement will not seek to evade their good faith obligation to seek approval and implementation of this Settlement by virtue of any rulings, orders, government report, or other developments in the Action that might hereinafter occur and might be deemed to alter the relative strengths of the parties with respect to any claims or defenses or their relative bargaining power with respect to negotiating a settlement.

E.      Arms-Length Negotiations. This Stipulation of Settlement was entered into after significant good-faith, arms-length negotiations between Plaintiffs' Counsel and Stahlbush. Each party hereto has executed this Stipulation of Settlement only after carefully reading it and reviewing it with counsel. This Stipulation of Settlement has been entered into without any coercion and under no duress. This Stipulation of Settlement reflects the conclusion of each party that the terms contained herein are in the best interest of said party. The content of and language in this Stipulation of Settlement was approved by counsel for each of the parties, and,

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

in the event interpretation of any alleged ambiguity herein is requested or required, there will not be a presumption or construction against either side as the drafter. Except as expressly provided herein, this Stipulation of Settlement is not intended to confer upon any other person or entity any rights or remedies.

F.     Entire Agreement. This Stipulation of Settlement is an integrated contract and constitutes the entire agreement among the parties with regard to the subject matter thereof. No representations, warranties, or promises have been made or relied upon by any party hereto other than those which are set forth in this Stipulation of Settlement. This Stipulation of Settlement may not be modified or amended except in a writing signed by all signatories hereto or their successors in interest.

G.     Deadlines Falling on Weekends or Holidays. To the extent that any deadline set forth in this Stipulation of Settlement falls on a Saturday, Sunday, or legal holiday, that deadline will be continued until the following business day.

H.     Successors. This Stipulation of Settlement will be binding upon and inure to the benefit of the settling parties hereto (including members of the Settlement Class) and their respective heirs, executors, administrators, successors and assigns and upon any corporation, partnership or other entity into or with which any settling party hereto may merge, combine or consolidate. As used in the preceding sentence and elsewhere throughout this Stipulation of Settlement, "including" will mean including without limitation.

I.     Counterparts. This Stipulation of Settlement may be executed in any number of actual or faxed counterparts and by the different settling parties hereto on separate counterparts, each of which when so executed and delivered will be an original. The executed signature

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

page(s) from each actual or faxed counterpart may be joined together and attached to one such original and will constitute one and the same instrument.

     J.       **Waivers.**  The waiver by any party of any breach of this Stipulation of Settlement will not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Stipulation of Settlement. .

     K.       **Governing Law.**  This Stipulation of Settlement will be construed and enforced in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Oregon. Any orders or judgments entered by the Court in conjunction with the proceedings relating to or arising out of this Stipulation of Settlement will be construed and enforced, and all issues relating to the preclusive effect of such orders or judgments will be determined by, the laws of the United States relating to the construction, enforcement, and preclusive effect of orders and judgments entered by federal courts.

     L.       **Administration of the Settlement-Retention of Jurisdiction.**  The administration, effectuation, and enforcement of the Stipulation of Settlement as provided herein will be under the authority of the Court. The Court will retain continuing and exclusive jurisdiction over the parties hereto, including Class Representatives and all members of the Settlement Class (and their attorneys, representatives, and agents), and over the administration, effectuation, and enforcement of the terms of the Stipulation of Settlement and the benefits to the Settlement Class hereunder, and for such other matters that may properly come before the Court. Any disputes or controversy arising with respect to the interpretation, enforcement, or implementation of the Stipulation of Settlement must be brought to the attention of the Court by motion.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

M.   Signatures of Counsel.  Counsel for the parties indicate by signing below their approval of the form of this Settlement.

IT IS SO STIPULATED this 9th day of ~~April,~~ May 2011.


ARNOLD GALLAGHER PERCELL
ROBERTS & POTTER


By: _____

**Dennis W. Percell**, OSB No. 752974
**Andrew P. Parks**, OSB No. 024161
800 Willamette Street, Suite 800
Eugene, OR 97401
Email:   dpercell@agsprp.com
             aparks@agsprp.com


STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.


By: _____

**Steve D. Larson**, OSB No. 863540
**Yoona Park**, OSB No. 077095
209 SW Oak Street, 5th Floor
Portland, OR 97204
Email:   slarson@stollberne.com
             ypark@stollberne.com

**Attorneys for Plaintiffs**


DAVIS WRIGHT TREMAINE, LLP


By: _____

**Christopher P. Koback**, OSB No. 913408
1300 SW Fifth Avenue, Ste. 2300
Portland, OR 97201
Email:   chriskoback@dwt.com

**Attorneys for Defendant**