IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORINA VICTORIO, MARGARITA
SOLIS, SHARA BURRIS, CHYRAL
PEREZ, and ROBERT TIPSWORD,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

STAHLBUSH ISLAND FARMS, Inc.,

        Defendant.

Civ. No. 10-6061-AA

ORDER

Aiken, Chief Judge:

    Plaintiffs filed suit under the Fair Labor Standards Act and Oregon law alleging wage and hour violations by defendant and seeking certification of a collective and class action. See 29 U.S.C. § 216(b); Or. Rev. Stat. §§ 652.150, 653.055. The parties engaged in settlement efforts and eventually reached agreement regarding plaintiffs' claims. After granting preliminary approval of a proposed class settlement and form of notice, the court held a fairness hearing and granted final approval of the settlement. The sole remaining issue is plaintiffs' request for attorney fees in the

1    - ORDER

amount of $189,460.75, costs in the amount of $1,965.54, and incentive payments of $2,500 for each named plaintiff. Defendant objects to an award of attorney fees and incentive payments.

Generally, the Ninth Circuit applies a lodestar/multiplier approach to determine reasonable attorney fees. Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010). The party seeking an award of fees bears the burden of supporting the hourly rates claimed and documenting the appropriate number of hours worked. McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009); United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of Asarco, Inc., 512 F.3d 555, 565 (9th Cir. 2008). However, "[i]n determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Further, courts may consider other factors when considering whether to reduce or enhance the lodestar figure, including whether the lodestar figure reflects an attorney's true market value or whether the case involved an "extraordinary outlay of expenses" and protracted litigation. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1674 (2010); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000); see also Or. Rev. Stat. § 20.075.

In this case, an appropriate fee award requires the court to balance the important interest of fairly compensating plaintiffs' counsel for obtaining favorable results in a time-consuming wage and hour case, particularly on behalf of clients who would otherwise lack the means to pursue overtime wages, with the equally important interest of recognizing the cooperative and proactive efforts of an employer defendant. Unfortunately, the court's task is complicated by the parties' vastly divergent perspectives of their efforts in this case.

Defendant asserts that, prior to the commencement of this action, it voluntarily changed its

2    - ORDER

overtime policy and offered overtime payments to employees who qualified under the revised policy. Defendant maintains that plaintiffs' counsel nevertheless chose to pursue expensive litigation tactics rather than cooperate with defendant in its efforts to locate employees eligible for overtime wages. Defendant argues that plaintiffs' counsel did so in order to generate fees and that defendant should not bear the burden of plaintiffs' unnecessary litigation strategy. Plaintiffs, on the other hand, contend that defendant was not cooperative, did not offer retroactive overtime wages until plaintiffs filed suit, and would have refused to pay class members all wages, damages and penalties due if not for counsel's litigation efforts. Plaintiffs further characterize defendant's initial settlement efforts with individual employees as attempted "buy outs" to avoid the full extent of defendant's overtime wage liabilities. I am at a distinct disadvantage in determining which version of events is most accurate; as with most cases, the truth likely lies somewhere in between. However, this conclusion does not assist me in resolving the appropriate amount of fees. Instead, I must rely on the record and the documentary evidence submitted.

As stated during the fairness hearing, I find that plaintiffs are entitled to a fee award. Plaintiffs obtained a favorable judgment through the stipulated settlement, in that defendant agreed to pay overtime wages, liquidated damages and some penalty wages. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Yue Zhou v. Wang's Restaurant, 2007 WL 2298046 at *1 (N.D. Cal. Aug. 8, 2007) ("Settlement of FLSA overtime claims cannot preclude an award of attorneys fees by the court."); Or. Rev. Stat. § 652.200. Defendant argues that even if the court awards fees, plaintiffs are not entitled to the amount they seek, because many of plaintiffs' billing entries are redundant, excessive, and unnecessary given the

3    - ORDER

described tasks. For example, defendant contends that plaintiffs should not be awarded fees for administrative or clerical work, outreach efforts, and work related to their state law claims. I agree with defendant to some extent and do not find the requested amount of fees to be reasonable.

Based on my review of the filings and documents supporting the fee request, I find that plaintiffs have not supported the number of hours sought to be compensated as reasonable, and I reduce fees for billing entries that are "excessive, redundant or otherwise unnecessary" in light of the tasks performed. Hensley, 461 U.S. at 434. Specifically, I decline to award fees incurred for work on unrelated criminal and civil cases and travel for appearances that did not necessarily require the presence of two attorneys.[1] I also reduce fees for non-legal clerical tasks (such as creating binders), administrative work (such as updating spreadsheets) that generally are considered overhead, and similar tasks unnecessarily charged at attorney rates. See, e.g., Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); Barnette v. Priority Auto Wholesale, LLC, 2010 WL 274405, at *6 (D. Or. Jan. 13, 2010).[2] Further, I reduce by one-half many billing entries that describe extensive, repetitive reviewing and revising of briefing and memoranda, often by more than one attorney, submitted in support of class and collective action certification and other motions (including motions that were unopposed) and in response to motions filed by defendant.[3] While I do

---

[1] These reductions include portions of billing entries dated 4/15/10, 4/30/10, 5/14/10, 5/17/10, 7/12/10, 10/8/10, 3/2/11, and 3/7/11.

[2] These reductions include portions of billing entries dated 5/24-25/10, 6/1/10, 6/16/10, 7/29/10, 8/9/10, 10/19/10, 12/1-2/10, 1/25/11, 2/23/11, 2/25/11, 7/13/11 7/15/11, 7/18/11, 8/25/11.

[3] These reductions include portions of billing entries dated 8/4/10, 8/11-13/10, 8/15-20/10, 8/23-27/10, 8/29-31/10, 9/13-14/10, 9/20/10, 10/11/10, 10/14/10, 10/19/10, 11/3/10, 11/12-

4    - ORDER

not fault the thoroughness of plaintiffs' counsel or the quality of their work, I cannot find that the number of hours spent reviewing, revising, and "working" on such briefing is reasonable for purposes of an attorney fee award, given the issues presented. Additionally, plaintiffs' counsel chose to file motions for certification of collective and class actions while defendant's motion for summary judgment was pending, when resolution of defendant's motion may have affected the scope of plaintiffs' motions.

I also exclude fees incurred for outreach efforts and reduce some fees associated with attempts to locate class members.[4] I recognize that plaintiffs' counsel diligently sought to locate all class members by supplementing defendant's attempts; however, I cannot find that defendant should bear the full amount of expenses incurred as a result of plaintiffs' efforts. I also deny fees incurred for corresponding with newspaper reporters regarding plaintiffs' claims or researching newspaper articles as unrelated to the resolution of those claims.[5] Finally, I reduce by one-half fees incurred for establishing a website and toll-free number for the administration of claims, finding that they should be borne equally by the parties.[6]

However, I do not reduce or find unreasonable the hourly rates sought by plaintiffs' counsel,

---

13/10, 11/15-16/10, 11/22-24/10, 11/29-30/10, 12/3/10, 1/25/11, 1/28/11, 2/1,11, 2/3-4/11, 2/7/11, 2/16/11, 2/17/11, 2/24/11, 2/26-27/11, 2/1/11, 3/14/11, 4/14/11, 4/18/11, 5/24/11, 6/17/11, 6/20/11, 7/6/11, 7/26/11, 9/26-28/11, 9/30/11, 10/3-4/11, 10/7/11.

[4]These reductions include portions of billing entries dated 4/9/10, 6/23/11, 7/11/11, 7/13/11, 7/15/11, 7/18-19/11, 8/8-9/11, 8/12/11, 8/15-18/11, 8/23/11, 9/19/11, 9/22/11.

[5]These reductions include portions of billing entries dated 3/18/10, 4/2/10, 4/7/10, 4/9/10, 7/28/11, 8/1/11.

[6]These reductions include portions of billing entries dated 3/10/11, 3/15/11, 3/17/11, 4/19-20/11, 6/2-3/11, 6/9/11, 7/12-13/11.

in light of their experience and expertise. Further, I decline to reduce fees sought in relation to plaintiffs' state law claims. The validity of such claims were not resolved by the court before the parties' reached settlement, and I find that the interrelatedness of the federal and state law claims weighs against a reduction in fees, even if the state law claims would not have been successful. Hensley, 461 U.S. at 438-40. Likewise, with certain exceptions I allow the majority of fees sought in connection with the notice and administration of the settlement, given that the parties agreed plaintiffs' counsel would perform these tasks, and I find them necessary to effectuate the settlement. As with other entries, reductions are made for entries that are redundant or otherwise excessive for the tasks described, and where attorney rates are charged for administrative work.[7] I further allow $1,500 for plaintiff's reply in support of fees, although I decline to allow $5,000 for final administration of the settlement. Given the work that was accomplished at the time of final approval, I am not persuaded that such fees are necessarily incurred. I have reviewed the other relevant factors under both federal and Oregon law for awarding attorney fees and find that none justify an enhancement of the revised fee calculation.

With respect to incentive payments, I decline to award each representative plaintiff $2,500 when that amount was not agreed to as part of the stipulated settlement, and plaintiffs do not present evidence to support awards of $2,500 for each named plaintiff. See Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003) (district courts must evaluate incentive awards "individually" and consider "actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the

---

[7]These reductions include portions of billing entries dated 6/21/11, 7/6-7/11, 7/20/11, 7/25/11, 7/29/11, 8/1-2/11, 8/4-5/11, 8/10/11, 8/15-16/11, 8/22/11, 8/25/11.

litigation ... and reasonabl[e] fear[s of] workplace retaliation") (citation omitted). That said, the stipulated settlement references a potential award of incentive payments, and counsel's billing entries reflect several conferences with the named plaintiffs and review of documents produced by them. Thus, in recognition of plaintiffs' roles and efforts in this litigation, I award each named plaintiff an incentive payment of $1,000.00.

Finally, plaintiffs seek $1,965.54 in costs and expenses, and defendant does not object to these costs. Although certain of these costs are not enumerated under 28 U.S.C. § 1920, the Ninth Circuit has held that a fee-shifting provision that allows for "reasonable attorneys fees" may include costs otherwise not taxable. Grove, 606 F.3d at 580-81. Therefore, these costs are allowed.

## CONCLUSION

Accordingly, plaintiffs' petition for attorney fees (doc. 85) is GRANTED in part. Plaintiffs' are awarded $132,418.50 in attorney fees and $1,965.54 in costs, and each representative plaintiff is awarded $1,000.00 as an incentive payment. The motion is otherwise denied.

Dated this 10th day of February, 2012.

_____
Ann Aiken
United States District Judge

7    - ORDER